J-S08034-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANTHONY ROBERTS | : | |
| | : | |
| Appellant | : | No. 2029 EDA 2025 |

Appeal from the Judgment of Sentence Entered December 31, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0001445-2013

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANTHONY ROBERTS | : | |
| | : | |
| Appellant | : | No. 2030 EDA 2025 |

Appeal from the Judgment of Sentence Entered December 31, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003939-2013

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ANTHONY ROBERTS | : | |
| | : | |
| Appellant | : | No. 2031 EDA 2025 |

Appeal from the Judgment of Sentence Entered December 31, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0006157-2014

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |

|  |  |  |
|---|---|---|
|  | : |  |
| v. | : |  |
|  | : |  |
|  | : |  |
| ANTHONY ROBERTS | : |  |
|  | : |  |
| Appellant | : | No. 2032 EDA 2025 |

Appeal from the Judgment of Sentence Entered December 31, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0008888-2015

|  |  |  |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|  | : | PENNSYLVANIA |
|  | : |  |
| v. | : |  |
|  | : |  |
|  | : |  |
| ANTHONY ROBERTS | : |  |
|  | : |  |
| Appellant | : | No. 2033 EDA 2025 |

Appeal from the Judgment of Sentence Entered December 31, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0000069-2018

|  |  |  |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|  | : | PENNSYLVANIA |
|  | : |  |
| v. | : |  |
|  | : |  |
|  | : |  |
| ANTHONY ROBERTS | : |  |
|  | : |  |
| Appellant | : | No. 2034 EDA 2025 |

Appeal from the Judgment of Sentence Entered December 31, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0008257-2019

BEFORE:  PANELLA, P.J.E., KUNSELMAN, J., and NICHOLS, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED AUGUST 4, 2026**

Appellant Anthony Roberts appeals from the judgment of sentence imposed after he pled guilty at Docket Nos. 69 of 2018[1] and 8257 of 2019[2] and was found in violation of his probation at Docket Nos. 3939 of 2013, 6157 of 2014, and 8888 of 2015. Appellant challenges the validity of his guilty plea and the discretionary aspects of his sentence. After a careful review, we affirm.

The trial court set forth the underlying facts and procedural history of this case as follows:

> At approximately 10:09 pm on November 8, 2017, Appellant . . . approached Jorge Santiago Rivera [(the Victim)], who was standing on the sidewalk on the 2800 block of North Mutter Street in Philadelphia. Appellant pointed a gun at [the Victim] and demanded he empty his pockets. Appellant then grabbed [the Victim], threw him to the ground, and pistol-whipped him before rummaging through his pockets. [The Victim] gave Appellant his cell phone. Philadelphia Police Officers Ferrera and Copestick happened to be on bike patrol in the area and witnessed the entire incident. Appellant fled the scene on foot and ran into a nearby abandoned property. Police recovered the [the Victim's] cell phone and a loaded Glock .380 caliber handgun from the alley Appellant ran through during his flight. As a result of this incident, Appellant was arrested and charged with robbery and related offenses on [Docket No. 69 of 2018].

_____

[1] At Docket No. 69 of 2018, Appellant pled guilty to robbery, aggravated assault, possession of firearm prohibited, firearms not to be caried without a license, carry of firearms in public in Philadelphia, theft by unlawful taking, receiving stolen property, possession of an instrument of crime, simple assault, and recklessly endangering another person. **See** 18 Pa.C.S. §§ 3701 (a)(1)(ii), 2702(a), 6105(a)(1), 6106(a)(1), 6108, 3921(a), 3925(a), 907(a), 2701(a), and 2705, respectively.

[2] At Docket No. 8257 of 2019, Appellant pled guilty to possession of contraband. **See** 18 Pa.C.S. § 5123(a).

On May 15, 2019, corrections officers conducted a search of Appellant's cell at the Curran Fromhold Correctional Facility in Philadelphia, where Appellant was in pretrial detention awaiting resolution of his 2018 case. Officers found a potato chip bag on the floor of Appellant's cell containing seven small plastic bags of marijuana and one strip of suboxone. As a result of this incident, Appellant was charged with possession of contraband [and another related offense].

On September 24, 2018, Appellant entered into a non-negotiated plea before the Honorable Rayford A. Means on [Docket No. 69 of 2018] to robbery and related offenses. On December 31, 2019, Appellant entered into a non-negotiated plea before Judge Means to possession of contraband on docket [Docket No. 8257 of 2019]. On that same day, Judge Means sentenced Appellant to 10 to 20 years of confinement on [Docket No. 69 of 2018] and 5 to 10 years of concurrent confinement on [Docket No. 8257 of 2019]. At the time of his pleas, Appellant was also on Judge Means' probation for four drugs cases. Judge Means found Appellant to be in violation of his probation, and imposed a violation of probation (VOP) sentence of 4 to 8 years of concurrent confinement on each case, for an aggregate sentence of 10 to 20 years of confinement. A pre-sentence investigation report (PSI) was ordered and completed prior to sentencing. Appellant was represented by the Defender Association of Philadelphia throughout these proceedings, with Attorney Kristin Reifsnyder handling his plea and sentencing before Judge Means.

Appellant filed a motion for reconsideration of sentence on all dockets on January 10, 2020, which was subsequently denied. No direct appeal followed. On June 9, 2021, Appellant filed a counseled petition pursuant to the Post Conviction Relief Act (PCRA)[3] seeking reinstatement of his [direct appeal] rights. Judge Means granted the petition and reinstated Appellant's [direct appeal] rights on August 29, 2022. Appellant did not file a direct appeal. Instead, on March 28, 2023, Appellant filed a counseled PCRA petition in which he asserted that plea counsel was ineffective. On May 3, 2023, the case was reassigned to the Honorable Zachary C. Shaffer [(the PCRA court)] due to Judge Means' impending retirement. On February 5, 2024, following an evidentiary hearing, [the PCRA court] denied Appellant's petition.

_____

[3] 42 Pa.C.S. §§ 9541-9546.

Appellant was represented by Ilon Fish and his associate Ethan Paraboschi during these proceedings.

Appellant filed a timely notice of appeal to [the Superior Court] . . . on February 29, 2024. On appeal, Appellant asserted that [the PCRA court] erred in denying his petition, and that Attorney Fish was ineffective for failing to file a direct appeal on his behalf [when] Judge Means reinstated his [direct appeal] rights in 2022. [The PCRA court] could not readily identify any reason for Attorney Fish to forgo filing the direct appeal and requested that [the Superior Court] remand the matter for further proceedings.

On May 29, 2025, [the Superior Court vacated the PCRA court's order dismissing Appellant's PCRA petition based on PCRA counsel's *per se* ineffectiveness for failing to file the direct appeal after Judge Means reinstated Appellant's rights *nunc pro tunc*], and] remanded the matter [with instructions] for [the PCRA court] to reinstate Appellant's direct appeal rights [for the second time]. On July 11, 2025, [the PCRA court] reinstated Appellant's direct appeal rights [unopposed by the Commonwealth], and Appellant filed a timely notice of appeal on July 31, 2025. On August 15, 2025, [the PCRA court] issued an order pursuant to Pa.R.A.P. 1925(b) requiring Appellant to file a concise statement of matters complained of on appeal within 21 days. On August 17, 2025, Appellant filed a concise statement in which he asserts that Judge Means imposed an excessive sentence, that his plea was not knowing, intelligent, or voluntary, and that plea counsel should have withdrawn due to a conflict of interest.

Trial Ct. Op., 9/18/25, at 1-4 (some formatting altered and citations omitted).

On appeal, Appellant raises the following issues:

1. Did the trial court err in imposing a sentence that was excessive, failed to properly weigh mitigating factors, and did not adequately consider Appellant's rehabilitative needs?

2. Did the trial court err in accepting Appellant's guilty pleas where the totality of the circumstances left Appellant with the reasonable impression that he would receive a county sentence, such that the pleas were not knowingly, intelligently, and voluntarily entered?

- 5 -

Appellant's Brief at 7.[4]

## Discretionary Sentencing Claim

Appellant argues that his sentence of ten to twenty years was excessive because the trial court exceeded the aggravated range of the sentencing guidelines without explaining its rationale.[5] *See id.* at 16. Specifically, Appellant argues that "the court's failure to provide such justification [rendered] the sentence patently excessive." *Id.*

Appellant's claim implicates the discretionary aspects of his sentence. *See Commonwealth v. Antidormi*, 84 A.3d 736, 759 (Pa. Super. 2014).

_____

[4] We note that Appellant raised an issue regarding a conflict of interest with prior counsel in his Rule 1925(b) statement. *See* Appellant's 1925(b) Statement. However, Appellant does not raise this argument in his brief. Accordingly, Appellant has abandoned this issue on appeal. *See Commonwealth v. Felder*, 247 A.3d 14, 20 (Pa. Super. 2021) (stating that "an issue identified on appeal but not developed **in the appellant's brief** is abandoned and, therefore, waived" (emphasis in original and citation omitted)).

[5] While Appellant claims to challenge his "aggregate sentence," the argument in his brief attacks his "sentence of ten (10) to twenty (20) years' imprisonment" because it "far exceeds the aggravated guideline range of 78 to 90 months." *See* Appellant's Brief at 16. As stated above, all of Appellant's sentences were imposed to run concurrent to his ten to twenty year sentence of incarceration for robbery. *See* Trial Ct. Op., 9/18/25, at 2. Appellant's robbery charge was the only charge that carried a guideline sentence of 78 to 90 months. *See id.* at 4-6. Further, Appellant's brief does not set forth any argument about the sentences for his other convictions. *See* Appellant's Brief at 16-18. Accordingly, we glean that Appellant seeks to challenge the imposition of his ten to twenty year sentence of incarceration for robbery at Docket No. 69 of 2018. To the extent that Appellant wished to raise discretionary challenges to his sentences at Docket Nos. 8257 of 2019, 3939 of 2013, 6157 of 2014, and 8888 of 2015, we find those issues waived. *See Felder*, 247 A.3d at 20.

"Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right." **Commonwealth v. Derry**, 150 A.3d 987, 991 (Pa. Super. 2016) (citations omitted and some formatting altered). Before reaching the merits of such claims, we must determine:

> (1) whether the appeal is timely; (2) whether Appellant preserved his issues; (3) whether Appellant's brief includes a [Pa.R.A.P. 2119(f)] concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is inappropriate under the sentencing code.

**Commonwealth v. Corley**, 31 A.3d 293, 296 (Pa. Super. 2011) (citations omitted).

"To preserve an attack on the discretionary aspects of sentence, an appellant must raise his issues at sentencing or in a post-sentence motion. Issues not presented to the sentencing court are waived and cannot be raised for the first time on appeal." **Commonwealth v. Malovich**, 903 A.2d 1247, 1250 (Pa. Super. 2006) (citation omitted); **see also** Pa.R.A.P. 302(a) (stating that "[i]ssues not raised in the trial court are waived and cannot be raised for the first time on appeal").

Here, Appellant properly preserved his claims in his post-sentence motion and filed a timely notice of appeal. **See** Appellant's Reconsideration Motion, 1/10/2020, at 1-2 (unpaginated). While Appellant failed to include a Rule 2119(f) statement in his brief, the Commonwealth did not object to the lack of Appellant's Rule 2119(f) statement. **See** Commonwealth's Brief at 8-

12. Accordingly, the defect in Appellant's brief is waived. *See* *Commonwealth v. Patterson*, 180 A.3d 1217, 1232 (Pa. Super. 2018) (stating that "[s]ince the requirement of such a statement is procedural and not jurisdictional, 'the Commonwealth's failure to object to or otherwise assert the defect in the form of Appellant's brief has resulted in a waiver of the defect'" (citation omitted)).

Next, we look to determine whether Appellant raises a substantial question.

"The determination of what constitutes a substantial question must be evaluated on a case-by-case basis." *Commonwealth v. Battles*, 169 A.3d 1086, 1090 (Pa. Super. 2017) (citation omitted). "A substantial question exists only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." *Commonwealth v. Grays*, 167 A.3d 793, 816 (Pa. Super. 2017) (citation omitted).

Instantly, Appellant's claim raises a substantial question. *See* *Antidormi*, 84 A.3d at 759 (stating "claims that the sentencing court imposed a sentence outside the standard guidelines without stating adequate reasons on the record presents a substantial question"(citation omitted)).

Our well-settled standard of review is as follows:

Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse

- 8 -

of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

Additionally, our review of the discretionary aspects of a sentence is confined by the statutory mandates of 42 Pa.C.S. § 9781(c) and (d). Subsection 9781(c) provides:

> The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:
>
> > (1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;
> >
> > (2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or
> >
> > (3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.
>
> In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.

42 Pa.C.S. § 9781(c).

In reviewing the record, we consider:

> (1) The nature and circumstances of the offense and the history and characteristics of the defendant.
>
> (2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation [(PSI)].
>
> (3) The findings upon which the sentence was based.
>
> (4) The guidelines promulgated by the commission.

42 Pa.C.S. § 9781(d).

***Commonwealth v. Raven***, 97 A.3d 1244, 1253-54 (Pa. Super. 2014) (some citations omitted).

"When imposing a sentence, the sentencing court must consider the factors set out in 42 Pa.C.S. § 9721(b), [including] the protection of the public, [the] gravity of offense in relation to impact on [the] victim and community, and [the] rehabilitative needs of the defendant[.]" ***Commonwealth v. Fullin***, 892 A.2d 843, 847 (Pa. Super. 2006) (citation omitted and formatting altered). While "[a] sentencing court need not undertake a lengthy discourse for its reasons for imposing a sentence or specifically reference the statute in question, . . . the record as a whole must reflect the sentencing court's consideration of the facts of the crime and character of the offender." ***Commonwealth v. Schutzues***, 54 A.3d 86, 99 (Pa. Super. 2012) (citations omitted), *overruled on other grounds by* ***Commonwealth v. Seals***, 353 A.3d 747 (Pa. Super. 2026). Additionally, the trial court "must consider the sentencing guidelines." ***Fullin***, 892 A.2d at 848 (citation omitted). "[W]here the trial court is informed by a PSI [report], it is presumed that the court is aware of all appropriate sentencing factors and considerations, and that where the court has been so informed, its discretion should not be disturbed." ***Commonwealth v. Edwards***, 194 A.3d 625, 638 (Pa. Super. 2018) (citation omitted and formatting altered). It is well settled that:

> "In every case where the court imposes a sentence . . . outside the guidelines adopted by the Pennsylvania Commission on Sentencing . . . the court shall provide a contemporaneous written statement of the reason or reasons for the deviation from the guidelines." 42 Pa.C.S. § 9721(b). However, "[t]his requirement is satisfied 'when the judge states his reasons for the sentence on the record and in the defendant's presence.'"

***Antidormi***, 84 A.3d at 760 (some citations omitted).

The balancing of the sentencing factors is the sole province of the sentencing court, which had the opportunity to observe the defendant and all witnesses firsthand. ***See Commonwealth v. Kurtz***, 294 A.3d 509, 536 (Pa. Super. 2023), *aff'd*, 348 A.3d 133 (Pa. 2025). In conducting appellate review, this Court "cannot reweigh sentencing factors and impose judgment in place of [the] sentencing court where [the] lower court was fully aware of all mitigating factors." ***Id.*** (citation omitted).

Here, the trial court explained:

the record shows that Judge Means properly considered the Sentencing Guidelines and all relevant mitigation when formulating Appellant's sentence. The offense gravity score (OGS) for robbery, the lead offense on [Docket No. 69 of 2018], is 10. Appellant's prior record score (PRS) is a 5. Under the deadly weapons used matrix, the guidelines call for 78 to 90 months of confinement, plus or minus 12 months. Therefore, the sentence of 10 to 20 years of confinement falls above the guidelines. The OGS for possessing contraband, the sole offense on [Docket No. 8257 of 2019], is a 7. Therefore, the guidelines call for 24 to 30 months of confinement, plus or minus 6 months, and the sentence of 5 to 10 years of confinement falls above the guidelines.

While Judge Means departed from the guidelines, he properly considered all aggravating and mitigating factors and placed the reasons for his sentence on the record. . . . As a PSI was prepared and reviewed in advance of sentencing, Judge Means is entitled to the presumption that he was aware of all relevant sentencing factors. Moreover, Judge Means specifically stated that he considered the presentence investigation report, arguments of counsel, and the guidelines when fashioning Appellant's sentence. N.T. 12/31/2019 17:20-23. It is clear from the record that Judge Means was particularly troubled by Appellant's significant criminal history and his escalation to crimes of violence, noting that "I go out on a limb and try to rehabilitate you, and what do you do, you

reward me—by robbing people at gunpoint and pistol whipping them" and that "Appellant has been on my probation and I have tried to rehabilitate you on probation. I've tried within the county. At least on two occasions I tried with the eleven and a half to 23 month sentence. They obviously did not work." N.T. 12/31/2019 16:3-6 (pistol whipping) 16:21-17:1 (attempts at rehabilitation). Therefore, Judge Means did not abuse his discretion in sentencing Appellant.

Trial Ct. Op., 9/18/25, at 4-6 (some formatting altered and some citations omitted).

After a careful review, we discern no abuse of discretion by the trial court in imposing Appellant's sentence. *See **Kurtz***, 294 A.3d at 536. The record reflects that the trial court fashioned an individualized sentence after considering all the required statutory factors and reviewing the PSI report. *See* N.T. 12/31/2019, at 16-17; ***Kurtz***, 294 A.3d at 536; ***Raven***, 97 A.3d at 1253-54; ***Fullin***, 892 A.2d at 848. Further, the trial court explained its reasons for departing from the guidelines in the presence of Appellant. *See **Antidormi***, 84 A.3d at 760. Specifically, the trial court stated that not only had Appellant failed to demonstrate rehabilitation after the trial court imposed mitigated sentences for prior convictions, but Appellant had also committed a serious offense despite those prior opportunities to rehabilitate. *See* N.T., 12/31/19, at 15-16. Accordingly, the trial court did not abuse its discretion in imposing Appellant's sentence and, therefore, Appellant is not entitled to relief on this issue.

**Guilty Plea Claim**

Appellant next contends that his plea was not knowing, intelligent, or voluntary because it was "induced by a reasonable but mistaken belief—fostered by both plea counsel's advice and the trial court's own representations—that he would receive a county sentence or time-served disposition."[6] **See** Appellant's Brief at 18-19.

Where an appellant wishes to challenge the voluntariness of a guilty plea on direct appeal, it is well settled that he must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing. **See Commonwealth v. Pitt**, 313 A.3d 287, 295 (Pa. Super. 2024); **Commonwealth v. Lincoln**, 72 A.3d 606, 609–10 (Pa. Super. 2013); Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(i). The failure to utilize either method results in waiver. **See Pitt**, 313 A.3d at 295.

Here, the record is devoid of any such objection or motion to withdraw the guilty plea. **See generally**, N.T., 9/24/18; N.T., 12/31/19. Since Appellant failed to challenge the voluntariness of his plea before the trial court, that issue is not reviewable on direct appeal. **See Pitt**, 313 A.3d at 295

_____

[6] We note that Appellant litigated a PCRA petition in which he claimed that plea counsel was ineffective for misadvising him regarding his guilty plea. **See** PCRA Petition, 3/28/23, at 6-9 (unpaginated). Our Supreme Court in **Commonwealth v. Grant** "established a general rule postponing review of ineffective assistance of counsel claims until collateral review." **Commonwealth v. Miller**, 868 A.2d 578, 581 (Pa. Super. 2005); **see also Commonwealth v. Grant**, 813 A.2d 726, 738 (Pa. 2002). There are limited exceptions which do not apply here.

(holding that a challenge to the voluntariness of a plea on direct appeal fails as a matter of law where it was not preserved for appellate review). Accordingly, Appellant's claim is waived.

Judgment of sentence affirmed. Jurisdiction relinquished.[7]

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 8/4/2026

---

[7] Further, Appellant's June 22, 2026 application for correction is hereby **DISMISSED AS MOOT**.